UNITED STATES DISRICT COURT OF THE DISTRICT OF COLUMBIA

PLAINTIFF,

MATAH HOLDINGS, L.L.C.
11006 Chelsea Way
Laurel, MD  20725

v.

DEFENDANTS

JOYCE L. BROWN, individually
9905 Five Oaks Road
Fairfax, VA  22031-1012

JOHN H. BROWN, individually
9905 Five Oaks Road
Fairfax, VA  22031-1012

MEGA GROUP, INC. and

SMALL BUSINESS INVESTMENT CORPORATION OF AMERICA, INC

**RECEIVED**

MAY 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No.
I 08-CV-00008
Assigned to:
Ellen S. Huvelle
Contract

To:
    Matah Holdings, LLC
    11006 Chelsea Way
    Laurel, MD  20725
    C/O Thomas A. Mauro, ESQ
    1020 19th Street N.W.
    Suite 400
    Washington, DC  20036

    Answer to plaintiff's summons and complaint received by defendants John H. Brown and Joyce L. Brown at their home in Virginia during the first week of May 2008.

1

## DEFANDANTS ANSWER TO PLAINTIFFS COMPLAINT AND VERIFIED COUNTER CLAIM

Defendant, Joyce L. Brown (hereinafter "JoyceBrown" or "defendant") in answer to plaintiff's compliant (hereinafter, "the "complaint") states as follows: Plaintiff's complaint was delivered to a chair outside the home of John H. Brown and Joyce L. Brown by a neighbor during the first week of May 2008. There has been no service of process on the registered agents of Mega Group, Inc. or Small Business Investment Corporation of America, Inc.

### First Defense

Plaintiffs' claims are barred by unclean hands.

### Second Defense

Plaintiffs' claims are barred by waiver.

### Third Defense

Plaintiffs' claims are barred by performance.

### Fourth Defense

Plaintiffs' claims are barred by accord and satisfaction.

### Fifth Defense

The complaint fails to state a claim upon which relief may be granted.

### Sixth Defense

Defendant reserves the right to amend this answer as necessary up to and including the date of any trial in this matter.

### Seventh Defense

Defendant reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial.

### Eighth Defense

Defendant responds to the numbered paragraphs of plaintiff's compliant as follows:

1. Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 1, and therefore denies this paragraph and demands strict proof.

2. Defendant admits the allegations contained in paragraph 2 In as much as it is "a corporation duly organized and existing under the laws of the state of New York". Defendant denies the remaining allegations of paragraph 2 and states that Mega Group, Inc. is a non-operating holding company of Small Business Investment Corporation of America, Inc., ("SBICOA") which is a wholly owned operating company not registered as a foreign for profit company in the District of Columbia.

3. Defendant, Small Business Investment Corporation of America, Inc. ("SBICOA"), admits allegations contained in paragraph 3 inasmuch as it is a corporation duly organized and existing under the laws of the state of Oregon. Defendant denies the remaining allegations of paragraph 3.

4. Defendant John H. Brown admits the allegation contained in paragraph 4 in as much as he is an individual residing in and a citizen of the Commonwealth of Virginia. Defendant denies the remaining allegations in paragraph 4.

5. Defendant Joyce L. Brown admits the allegation contained in paragraph 5 in as much as she is an individual residing in and a citizen of the Commonwealth of Virginia. Defendant denies the remaining allegations in paragraph 5.

6. Defendants John H. Brown and Joyce L. Brown admit the allegations contained in paragraph 6 inasmuch as John H. Brown is the chief Executive Officer of defendant, Megs Group, Inc. and Joyce L. Brown is its Chief Financial Officer. Defendants deny all other allegations contained in paragraph 6 and demand strict proof.

7. Defendants John H. Brown and Joyce L. Brown, and defendants Mega Group, Inc. and SBICOA denies the allegations contained in paragraph 7 and demand strict proof.

## JURISDICTION and VENUE

8. Defendants deny the plaintiff's allegation to the court that this court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1332 (a). Defendants request the court to demand the plaintiff to show strict proof of plaintiff's alleged financial capacity during the alleged time period or any other time period thereafter.

9. Venue is not proper in this court pursuant to 28 U.S.C. 1391 (a).

## Count I

10. Defendants Mega Group, Inc. and SBICOA and its officers, defendants John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 10. Defendants have no financial obligations to plaintiff.

11. Defendants Mega Group, Inc. and SBICOA and its officers, defendants John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 11. Defendants have no financial obligation to plaintiff.

12. Defendants Mega Group, Inc. and SBICOA and its officers, defendants John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 12. Defendants has no financial obligations to plaintiff.

13. Wherefore having fully answered plaintiff's complaint, defendants request that this court dismiss the complaint against defendants with costs and for such other and further relief as this court deems appropriate.

## COUNT II

14. Paragraphs 1-13 incorporated by reference.

15. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 15. Defendants have no outstanding financial obligations to plaintiff.

16. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 16. Defendants have no outstanding financial obligations to plaintiff.

17. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 17. Defendants have no outstanding financial obligations to plaintiff.

18. Wherefore having fully answered plaintiff's complaint, defendants request that this court dismiss the complaint against defendants with costs and for such other and further relief as this court deems appropriate.

## COUNT III

19. Paragraph 1-18 incorporated by reference.
20. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 20. Defendants have no outstanding financial obligations to plaintiff.
21. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 21. Defendants have no outstanding financial obligations to plaintiff
22. Defendants Mega Group, Inc. and SBICOA and its officers, defendants, John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 22. Defendants have no outstanding financial obligations to plaintiff
23. Wherefore having fully answered plaintiff's complaint, defendants request that this court dismiss the complaint against defendants with costs and for such other and further relief as this court deems appropriate.

## COUNT IV

24. Paragraph 1-23 incorporated by reference.

25. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 25. Defendants have no outstanding financial obligations to plaintiff.

26. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 26. Defendants have no outstanding financial obligations to plaintiff.

27. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 27. Defendants have no outstanding financial obligations to plaintiff.

28. Wherefore having fully answered plaintiff's complaint, defendants request that this court dismiss the complaint against defendants with costs and for such other and further relief as this court deems appropriate.

## COUNT V

29. Paragraph 1-28 incorporated by reference.

30. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 30. Defendants have no outstanding financial obligations to plaintiff.

31. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 31. Defendants have no outstanding financial obligations to plaintiff.

32. Defendants Mega Group, Inc. and SBICOA and its officers John H. Brown and Joyce L. Brown deny the allegations contained in paragraph 32. Defendants have no outstanding financial obligations to plaintiff.

33. Wherefore having fully answered plaintiff's complaint, defendants request that this court dismiss the complaint against defendants with costs and for such other and further relief as this court deems appropriate.

## COUNTER CLAIM

Defendants/counter-plaintiffs, Mega Group, Inc., Small Business Investment Corporation of America, Inc., John H. Brown, and Joyce L. Brown ("defendants/counter plaintiffs") hereby state that counter defendants allegations in their claim are false, misleading, and a fraudulent misrepresentation and are harmful to counter plaintiffs.

## JURISDICTION

1. This court may not have jurisdiction to hear this matter. This court's jurisdiction is questionable and subject to challenge.

## PARTIES

2. Mega Group, Inc. is duly organized and existing under the laws of the state of New York and a non operating holding company of Small Business Investment Corporation of America, Inc. (SBICOA) which is a wholly owned company existing under the laws of the state of Oregon. John H. Brown and Joyce L. Brown are individuals residing in the state of Virginia.

## FACTUAL ALLEGATION

3. 'Upon information and belief, Matah Holdings,, LLC is not legally organized and existing under the laws of the state of New Jersey or the state of Maryland.

4. Counter defendants, Matah Holdings, LLC, its officers, owners and counsel has caused this action to be brought against counter plaintiffs through malicious intent and errors and omissions and are therefore liable for harm and damages caused to counter plaintiffs, Mega Group, Inc., Small Business Investment Corporation of America, Inc., John H. Brown, and Joyce L. Brown.

5. Counter defendants intentionally and with deliberate disregard for counter plaintiffs' rights made these fraudulent misrepresentations knowing such misrepresentations were false and misleading.

6. Counter defendants made such misrepresentations with the intent to deceive counter plaintiff and the court.

7. As a direct and proximate result of counter defendants actions, counter plaintiffs has incurred damages and out of pocket expenses that have not been fully determined.

**Wherefore,** counter plaintiff demands judgment against counter defendant and requests that the court enter an order as follows:

   a. Award counter plaintiffs compensatory damages in the amount assessed by a competent expert approved by the court.

   b. Awarding counter plaintiffs punitive against counter defendants in an amount to be determined by the court.

   c. Awarding counter plaintiff post judgment interest from the date of the judgment order and

   d. Awarding counter plaintiffs such further relief which this court may deem just and proper.

## VERIFICATION

I do solemnly disclose and affirm under the penalty of law that the contents of the forgoing answer and counterclaim are true and correct to the best of my knowledge, information and belief

Respectfully submitted by _____Joyce L Brown_____
Joyce L. Brown

_____John H. Brown_____
John H. Brown

for

Joyce L. Brown

Commonwealth of Virginia

John H. Brown

Commonwealth of Virginia

Telephone: (703) 242.2027

Dated:: May 15, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by first class mail, postage prepaid, this 16th day of May 2008, upon Plaintiff, Matah Holdings, LLC, 11006 Chelsea Way, Laurel, MD, 20725, C/O Thomas A. Mauro, ESQ, 1020 19th Street N.W., Suite 200, Washington, DC 20036

_____
Joyce L. Brown

_____
John H. Brown