IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATAH HOLDINGS, LLC, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:08CV00008 ESH |
| MEGA GROUP, INC., et al. | : **Next event: Scheduling Conference** |
| Defendants. | : **June 17, 2008 at 9:15 a.m.** |

## MOTION OF PLAINTIFF TO DISMISS COUNTERCLAIM

NOW COMES PLAINTIFF, by its undersigned counsel, and hereby moves the Court to dismiss the Counterclaim filed in this case. As grounds for this motion, Plaintiff states as follows:

1.It appears that the Counter-plaintiffs include the corporate defendants, Mega Group, Inc. and Small Business Investment Corporation of America (SBICOA). The Counterclaim at ¶2 identifies these entities as corporations. It is the undersigned counsel's understanding that the Clerk will not accept for filing submissions made on behalf of corporations in this Court unless the corporations are represented by counsel who are admitted to this Court. Neither Defendant is represented by counsel. Thus, whatever they are asserting cannot be considered.

2.Paragraph 1 of the Counterclaim asserts that the Court may not have jurisdiction to consider the Counterclaim. Accordingly, the pleading does not comply with F. R. Civ. P. 8(a), which requires a statement of the grounds upon which the Court has jurisdiction.

3.    The factual allegations of the Counterclaim fail to state a claim upon which relief may be granted. Notwithstanding the relatively lenient obligations under Rule 8(a) to provide a "short" and "plain" statement of the claim of the Counter-plaintiffs who are before the Court, the allegations of Mr. and Ms. Brown fail to comply with this requirement. First, it cannot be gleaned from the Counterclaim which counter plaintiff is making the assertions and against whom these assertions are being made.

4.    The assertion in ¶4 of the Counterclaim that "Matah Holdings, LLC, its officers, owners and counsel [not all of whom can be counter-defendants because only Matah Holdings, LLC is a plaintiff] has (sic) caused this action to be brought against counter plaintiffs through malicious intent and errors and omissions" does not put the unnamed counter-defendants on notice as to what the errors and omissions or malicious intent are. Nor does the assertion provide a nexus between such unstated conduct and the "harm and damages" the counter-plaintiffs have suffered.

5.    Similarly in the assertions of ¶¶5-6 of the Counter-claim, the makers do not state what "rights" the Plaintiff has violated in bringing this action or what "fraudulent misrepresentations" have been made in the Complaint.  See F. R. Civ. 9.

6.    The Counterclaim does not provide any hint of what actual damages have been suffered and who suffered them as a result of the filing of this collection lawsuit.

### Points and Authorities

The Court is referred to Rules 8(a) and 9 of the Federal Rules of Civil Procedure.

A pleading must contain either direct or inferential allegations from which each of the material elements necessary to support a recovery under some cognizable legal theory can be

discerned. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129 (2002). This is because the defendants have an "inalienable right to know the cause of action being asserted against him." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995). Thus, the opposing party must be afforded fair notice claims asserted against him. *Rodriguez, supra.*

**LcvR 7(m) Statement**. The undersigned counsel has requested the consent of Defendants Joyce L. Brown and John H. Brown in writing to this motion and has not obtained it.

WHEREFORE, Plaintiff prays that the Counterclaim in this matter be dismissed. A proposed Order is attached for consideration by the Court.

Respectfully submitted,

_____/s/_____
Thomas A. Mauro, Bar No. 184515
1020 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20036
Tel.: (202) 452-9865
Fax: (202) 452-0092
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATAH HOLDINGS, LLC,

    Plaintiff,

v.      Case No.: 1:08CV00008 ESH

MEGA GROUP, INC., et al.      **Next event: Scheduling Conference
June 17, 2008 at 9:15 a.m.**

    Defendants.

## ORDER

This matter is before the Court upon the Motion of Plaintiff to Dismiss Counterclaim. Upon consideration of the Motion, any Opposition thereto, and the entire record in this case, it is this _____ day of _____, 2008, hereby

ORDERED, that the Motion of Plaintiff to Dismiss Counterclaim be, and it hereby is, GRANTED; and it is

FURTHER ORDERED, that the Counterclaim in this action filed on May 20, 2008, be, and it hereby is, DISMISSED.

_____
Ellen Segal Huvelle
United States District Judge

Copies to: Counsel and parties of record

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing Motion of Plaintiff to Dismiss Counterclaim was mailed first class, postage prepaid, on June 12, 2008 to :

Joyce L. Brown  
John H. Brown  
9905 Five Oaks Road  
Fairfax, VA. 20031

                                       __/s/_____  
                                       Thomas A Mauro