UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MATAH HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>MEGA GROUP, INC., *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  08-008 (ESH)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff, a limited liability corporation, alleges that defendants have defaulted on loans made by plaintiff. At the Initial Status Conference on June 17, 2008, the Court raised the issue of whether it had diversity jurisdiction, noting that there would be a lack of diversity if any member of Matah Holdings, LLC, was a citizen of the same state as any of the defendants. The Court asked plaintiff to file a status report addressing the citizenship of the members of Matah Holdings, LLC. On July 21, 2008, plaintiff provided the following information:

> Plaintiff's counsel has conducted such inquiry and believes that the class of investors are not members of the LLC. If the Court finds, however, that they are members and concludes further that the law in this District requires an examination of the citizenship of every member of a limited liability corporation, there would be no diversity jurisdiction in this case.

"[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983). Furthermore, it is blackletter law that unincorporated entities, such as limited liability corporations, carry the citizenship of each of its indivisible members. *See, e.g.*, *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D.D.C. 2008). Therefore, plaintiff has the burden of identifying each indivisible member of Matah Holdings, LLC, and demonstrating that no member

shares citizenship of a state with any defendant. Because plaintiff's report does not meet this burden, the Court must conclude that it lacks jurisdiction under 28 U.S.C. § 1332.

Accordingly, plaintiff's complaint and defendants' counterclaim will be dismissed without prejudice for lack of jurisdiction. A separate Order accompanies this Memorandum Opinion.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: July 24, 2008